BNE Clinton Med., P.C. v MVAIC (2022 NY Slip Op 50058(U))

[*1]

BNE Clinton Med., P.C. v MVAIC

2022 NY Slip Op 50058(U) [74 Misc 3d 128(A)]

Decided on January 28, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 28, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-466 K C

BNE Clinton Medical, P.C., as Assignee of
Gregory Diaz, Respondent, 
against
MVAIC, Appellant. 

Bruno, Gerbino, Soriano & Aitken, LLP (Susan B. Eisner of counsel), for appellant.
Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E.
Roper, J.), entered January 21, 2020. The order denied defendant's motion for summary judgment
dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary
judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor
Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals from an order of
the Civil Court denying defendant's motion which had sought summary judgment dismissing the
complaint on the ground that plaintiff's assignor was not a "qualified" person.
Upon a review of the record, we find that the motion papers establish that plaintiff's assignor
was not a "qualified" person entitled to benefits from MVAIC, as he resided in the same
household as his stepfather who had an automobile insurance policy which provided that
relatives who reside in the same household were also insureds under the insurance policy
(see Insurance Law § 5202 [b]; Smith v Pennsylvania Gen. Ins. Co., 32
AD2d 854 [1969], affd 27 NY2d 830 [1970]). To the extent plaintiff argued, and the
Civil Court held, that plaintiff's assignor was not an insured because he was [*2]over 18 years of age, neither the insurance policy nor the mandatory
personal injury protection endorsement (11 NYCRR 65-1.1) limits coverage based upon the age
of relatives. In light of the
foregoing, MVAIC's motion for summary judgment dismissing the complaint should have
been granted (see Longevity Med.
Supply, Inc. v MVAIC, 64 Misc 3d 143[A], 2019 NY Slip Op 51276[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2019]; Island Life Chiropractic Pain Care, PLLC v MVAIC, 62 Misc 3d
148[A], 2019 NY Slip Op 50226[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; T & S Med. Supply Corp. v
MVAIC, 58 Misc 3d 131[A], 2017 NY Slip Op 51755[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2017]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing
the complaint is granted.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 28, 2022